VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.        25-AP-220

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

### ENTRY ORDER

DECEMBER TERM,   2025

In re G.B., Juvenile               }    APPEALED FROM:
(L.F., Parent\*)                  }
                                }    Superior Court, Washington Unit,
                                }    Family Division
                                }    CASE NO. 24-JV-00635
                                      Trial Judge: Kirstin Schoonover

In the above-entitled cause, the Clerk will enter:

Parent appeals a trial court order denying several motions they filed pro se while represented by an attorney in this juvenile proceeding concerning their children G.B., born in November 2020, and A.B., born in October 2023.[1]  They argue that the court abused its discretion in declining to grant permission for hybrid representation.  We affirm.

In May 2024, the State filed petitions alleging that G.B. and A.B. were children in need of care or supervision (CHINS) because parent was experiencing a mental-health crisis that prevented them from adequately caring for or supervising the children.  G.B. and A.B. were placed in the custody of the Department for Children and Families (DCF) under emergency- and temporary-care orders.

Parent did not appear for the contested merits hearing in October 2024, although their attorney was present on their behalf.  The court made the following findings.  At the time of the events leading up to the petition, parent and the children were living in parent's car.  At the end

---

[1] Parent's notice of appeal was also filed pro se.  The notice indicated that parent sought our review of the court's decision on their self-represented motions in In re G.B., but did not directly refer to the separate juvenile proceeding involving A.B.  Accordingly, we opened this appeal as one from the court's decision in G.B.'s case only.  In their appellate brief, which was filed through counsel, parent treats this as an appeal from both juvenile dockets.  Although the State recognizes that it is not, it joins parent in this approach—noting that the issues raised are the same in both cases because parent filed the same motions in both dockets and the trial court denied them in each docket on identical grounds.  We need not determine whether this appeal is appropriately treated as one from both dockets, because we agree that our analysis and conclusion would be the same regardless.  We further note that, at the time this appeal was taken, no parentage determination had issued with respect to either child's putative father.

of April 2024, parent was sitting in a chair behind their parked car while G.B.—a toddler—ran around in front of the vehicle, playing in a high-traffic area out of parent's sight.  A car had to stop to avoid hitting G.B.  A little over a week later, parent left both children unattended in the car for eighteen to nineteen minutes while grocery shopping.  The car was exposed to the sun, the windows were barely open, and the children were sweaty and at risk of overheating.  When police spoke to parent, parent appeared unaware of the danger created by leaving the children alone in a hot car.  Several days after that, infant A.B. was brought to the hospital and determined to be severely malnourished due to a lack of proper nutrition while in parent's care.  On this basis, the court found that G.B. and A.B. were CHINS at the time of the State's petitions.

In December 2024, parent's attorney moved for leave to withdraw based on parent's request and a breakdown in communication.  At a hearing several days later, the court spoke with parent, granted the motion to withdraw, and appointed a new attorney to represent parent.

Shortly thereafter, the State filed an emergency motion seeking to reduce the frequency of parent's visits with the children.  In support, it alleged that parent's inconsistency in attendance and communication, despite DCF's efforts to provide accommodation, was negatively impacting G.B. and A.B.  The court scheduled a hearing on the motion in January 2025.  Parent's new attorney attended the hearing, but parent did not.  At the hearing, parent's attorney and the State moved for parent to receive a competency evaluation, citing concerns that parent may no longer understand the proceedings in light of their alleged increasingly erratic behavior.  The court ordered a competency evaluation for parent.  It also granted the request to reduce visits and gave DCF discretion to stop or cancel a visit if parent appeared emotionally dysregulated such that they could not effectively or safely participate.

In early February 2025, a psychologist filed a letter with the court indicating that parent's scheduled competency evaluation would not occur because parent's attorney indicated that they would not agree to be evaluated.  The court issued an order directing that the evaluation be rescheduled and indicating that, if parent again refused to participate, the court would appoint a guardian ad litem (GAL) for parent.

The contested disposition hearing was scheduled for March 2025.  Parent was not present, as they were then being held involuntarily at the Brattleboro Retreat.  Although parent attempted to call into court for the hearing, they were unable to do so, and the Retreat did not answer the court's return calls.  Parent's attorney indicated that parent was continuing to refuse to participate in a competency evaluation.  Therefore, citing In re T.A., a case in which we explained that "[c]ourts have a duty to appoint a GAL for incompetent litigants when fundamental rights are involved, and retaining custody of a child is a fundamental right," the court appointed a GAL for parent.  No. 2010-019, 2010 WL 7798575, at *2 (Vt. June 16, 2010) (unpub. mem.), https://www.vermontjudiciary.org/sites/default/files/documents/eo10-019.pdf.  In light of parent's involuntary absence and the new GAL appointment, the court continued the disposition hearing.

A combined permanency and disposition hearing was ultimately held in May 2025.  Parent was present with their attorney and GAL.  The court heard testimony from parent and the DCF worker.  Without objection, the court modified the case-plan goal to give parent an additional month to complete their action steps, until September 2025.

Then, in June 2025, parent filed the series of self-represented motions giving rise to this appeal.  On June 11, parent moved to dismiss the proceedings, remove their GAL, and remove

the children's GAL. On June 13, parent moved for different DCF workers to be assigned to their case and for attorney reassignment. On June 16, parent moved for reconsideration of the CHINS merits order and removal of the children's foster parents and respite providers.

The court issued a written order denying all seven motions. It explained that parent's motions were difficult to understand and failed to identify a legal basis for the requested relief. The court directed parent to consult with their attorney regarding these issues and, if parent continued to seek relief, to refile their motions through counsel and with appropriate support in compliance with Vermont Rules of Civil Procedure 7 and 11, applicable under Vermont Family Proceedings Rule 2(a).

On appeal, parent argues that the trial court abused its discretion in denying their pro se motions and requiring them to be refiled through the attorney. Appellant contends that the court should have instead construed the motions as an implied request for hybrid representation and considered the motions on their merits.[2]

Parent's argument is predicated on criminal case law. In the criminal context, a defendant's request for hybrid representation must be assessed in light of the constitutional right to self-representation. In re A.B., 2013 VT 66, ¶ 10, 194 Vt. 279; State v. Sims, 158 Vt. 173, 183 (1991). We have yet to consider whether parents have a statutory or constitutional right to represent themselves in juvenile proceedings. In re A.B., 2013 VT 66, ¶ 6 (declining to determine whether such right exists because, assuming it did, family division acted within its discretion in denying mother's untimely request to represent herself). We need not reach that question here because, assuming for the sake of argument that the criminal cases parent relies on govern, parent has not demonstrated error. See, e.g., id.

We have explained that because a criminal defendant "does not have an absolute right to both self-representation and the assistance of counsel. . . . [w]hether to allow hybrid representation remains within the sound discretion of the trial judge," and we will reverse the lower court's decision "only if its discretion was totally withheld or exercised on grounds clearly untenable or unreasonable." Sims, 158 Vt. at 185-86. In considering the scope of that discretion, we have observed that "[a]n orderly presentation of a litigant's case is important and the trial court may impose controls on the filing of pro se motions by represented litigants to accomplish that end." In re Morales, 2016 VT 85, ¶ 29, 202 Vt. 549. Moreover, as we noted in In re A.B., concerns of possible disruption and delay resulting from self-representation are "even more compelling in the juvenile context because any right that a parent might have to proceed pro se must be weighed against a child's significant interest in the timely resolution of his or her case." 2013 VT 66, ¶¶ 9-12 (citing 33 V.S.A. § 5101(a)(4) (providing that paramount concerns in conduct of juvenile judicial proceedings include "timely permanency for children")).

Here, the trial court was presented with a series of self-represented motions that were difficult to parse in a case where the statutory timeline for the disposition hearing had already been exceeded. See 33 V.S.A. § 5317(a) ("A disposition hearing shall be held no later than 35

---

[2] The State represents that parent's appellate counsel agrees that the arguments raised in connection with the motions for attorney reassignment and to remove parent's GAL are now moot because, in October 2025, parent appeared for a family division hearing in these proceedings with trial counsel and the court excused their GAL. We need not consider whether mootness is at issue with respect to those two motions because our conclusion below applies equally to all seven motions.

days after a finding that a child is in need of care and supervision."). Parent argues that the court was incorrect in stating that the motions failed to identify a legal basis for the requested relief because, when read comprehensively, the motions were about parent's concerns for the safety of their children. As the court pointed out in denying parent's requests, however, a motion "shall state with particularity the grounds therefor[e] including a concise statement of the facts and law relied on, and shall set forth the relief or order sought." V.R.C.P. 7(b) (emphasis added); see V.R.F.P. 2(a) (providing that certain Vermont Rules of Civil Procedure, including Rule 7(b), apply in CHINS proceedings). The trial court did not err in concluding that parent failed to identify legal authority—as distinguished from the factual allegations parent points to on appeal—supporting their requests for relief. Nor did it mischaracterize parent's filings in noting that they were difficult to understand. Rule 7(b) also requires that all motions "be signed in accordance with Rule 11," and the court further cited Rule 11 in its order. V.R.C.P. 7(b)(3). That rule requires that any written motion "be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party." V.R.C.P. 11(a). Parent was represented by counsel at the time the motions were filed. Courts are not compelled to accept a pro se pleading filed by an individual when counsel of record has already entered an appearance. In re Morales, 2016 VT 85, ¶ 29; see also State v. Crannell, 170 Vt. 387, 407 (2000) (affirming trial court's decision to refuse to consider defendant's pro se motion because defendant was represented by counsel, defendant had not waived his right to counsel or sought to proceed pro se, and standard court procedure required motions be filed by attorney), overruled on other grounds by State v. Brillon, 2008 VT 35, ¶¶ 41-42, 183 Vt. 475.

Each of the considerations the trial court cited were appropriately weighed here. Parent has not demonstrated that the court withheld or exceeded its discretion in denying their self-represented motions and directing parent to consult with their attorney and, at their option, to refile the requests through counsel and in compliance with Civil Rules 7(b) and 11(a).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
William D. Cohen, Associate Justice


_____
Nancy J. Waples, Associate Justice